IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. GONZALEZ, | No. C 10-3732 CW (PR) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR MODIFICATION OF JUDGMENT |
| v. | |
| DR. J. CHUDY, et al., | (Docket no. 38) |
| Defendants. | |

## INTRODUCTION

Plaintiff, a state prisoner incarcerated at the Correctional Training Facility at Soledad, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. On October 7, 2011, Plaintiff filed an amended complaint, which is the operative complaint in this action. Doc. no. 8. On March 31, 2013, this Court granted summary judgment in favor of Defendants Drs. Chudy, Sepulveda and Bright. Doc. no. 36. On the same day, judgment was entered in favor of Defendants. Doc. no. 37. On May 9, 2013, Plaintiff filed the instant motion for modification of judgment with respect to Dr. Bright under Federal Rule of Civil Procedure 60(b)(5). Dr. Bright has filed an opposition and Plaintiff has

1

filed a reply. For the reasons discussed below, the Court DENIES Plaintiff's motion.

BACKGROUND

The allegations in Plaintiff's amended complaint covered the time period from August 20, 2009 to September 9, 2010. In his amended complaint, Plaintiff alleged that Dr. Bright was deliberately indifferent to Plaintiff's serious medical needs by denying his request to see a podiatrist on August 25, 2009. In its March 31, 2013 Order, the Court granted judgment in favor of Dr. Bright on the grounds that: (1) Dr. Bright reasonably believed that the swelling in Plaintiff's feet was due to heart issues, which a podiatrist could not address; and (2) the California Department of Corrections and Rehabilitation podiatrist was unavailable for non-emergency situations such as the one presented by Plaintiff. The Court also held that Dr. Bright was entitled to qualified immunity.

In his motion, Plaintiff argues that the judgment against Dr. Bright should be modified because "the 'background' assumptions on which this Court relied in making its determination . . . have significantly changed." Motion at 3. Plaintiff submits "new" evidence, which, he argues, shows that Dr. Bright would not have referred him to a podiatrist in 2009, even if one had been available. He bases this conclusion on the fact that, on December 14, 2012, Dr. Bright denied Plaintiff's request to see a podiatrist for his plantar fasciitis condition even though a podiatrist was available. Motion at 6. Plaintiff filed a 602 appeal. Exh. A. The response at the second appeal level indicated that "orthopedic consult is not indicated at this time,

2

pending x-rays [sic] results, which will support if orthopedic shoes/boots are indicated." Exh. A-6. On March 1, 2013, X-rays revealed that Plaintiff's condition was "chronic." Motion at 7. According to Plaintiff, chronic ailments are long-lasting and painful and "impact an individuals [sic] functioning and long term prognosis." Id. Plaintiff claims that, although Dr. Bright knew from the X-rays that Plaintiff's condition was "chronic," he still refused to refer Plaintiff to a podiatrist or an orthopedist. Plaintiff concludes that Dr. Bright's 2012 conduct shows that he would have denied Plaintiff an appointment with a podiatrist in 2009, even had a podiatrist been available.

## DISCUSSION

Where the court's ruling has resulted in a final judgment, a motion for relief from that judgment may be filed under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied or applying it prospectively is no longer equitable; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff brings his motion under Federal Rule of Civil Procedure 60(b)(5) on the ground that "it is no longer equitable that the judgment should have prospective application." Motion at 2-3. However, because Plaintiff's motion relies on "newly discovered evidence" and the Court's March 31, 2013 did not provide for

prospective relief, the motion is more appropriately brought under Federal Rule of Civil Procedure 60(b)(2) than Rule 60(b)(5).

To justify relief from judgment based on newly discovered evidence, the plaintiff must demonstrate that the new evidence: (1) existed at the time the district court entered judgment; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case. Allen v. United States, 871 F. Supp. 2d 982, 995 (N.D. Cal. 2012) (citing Jones v. Aero-Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990)).

Plaintiff's pleadings fail to provide "newly discovered evidence." Plaintiff is correct that Dr. Bright's "new" conduct took place in 2012, before the Court entered judgment in this case in 2013, thus meeting the first requirement for relief from judgment cited in Allen. However, the pleadings do not meet Allen's second and third requirements for relief. The "new" evidence does not meet the second Allen requirement because it was discoverable through due diligence before entry of judgment. In fact, it was not necessary for Plaintiff to use due diligence to discover this "new" evidence because he knew about Dr. Bright's denial of his 2012 request to see a podiatrist when it occurred in 2012. Plaintiff could have submitted these new facts in support of his opposition to Defendants' motion for summary judgment, but he did not do so.

Second, Plaintiff's "new evidence" does not meet the third requirement cited in Allen because it is not of such magnitude that it is likely to change the disposition of his case. The fact that Dr. Bright did not refer Plaintiff to a podiatrist in 2012,

4

although one was allegedly available, does not establish that Dr. Bright would not have referred Plaintiff to an available podiatrist in 2009.  Furthermore, the Court also found that Dr. Bright was not deliberately indifferent in 2009 because he reasonably believed that the symptoms in Plaintiff's feet and legs were caused by Plaintiff's heart condition, which could not have been treated by a podiatrist.  The fact that Dr. Bright did not refer Plaintiff to a podiatrist in 2012 would not change the conclusion that, in 2009, Dr. Bright reasonably believed that Plaintiff's foot problems were caused by his heart condition.

For all these reasons, Plaintiff's "newly discovered evidence" does not meet the second and third requirements set out in Allen, 871 F. Supp. 2d at 995 and, thus, modification of the judgment is not warranted.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for modification of the judgment.  This Order terminates docket number 38.

IT IS SO ORDERED.

Dated: 10/18/2013

CLAUDIA WILKEN
United States District Judge